Filed 9/1/20  P. v. Wallace CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090569 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE004721) |
| v. | |
| FEDRICK WALLACE, | |
| Defendant and Appellant. | |

Defendant Fedrick Wallace appeals the trial court's judgment entered following his no contest pleas to corporal injury on a spouse (Pen. Code, § 273.5) and being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).  Defendant argues the trial court abused its discretion in imposing the objected to electronics search condition that both the defense and the prosecutor agreed did not satisfy the required nexus.  On appeal, the People concur this electronics search condition should be stricken.  We accept this concession and will modify the judgment to strike it.

"The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the

1

conditions thereof.  (Pen. Code, § 1203 et. seq.)" (*People v. Lent* (1975) 15 Cal.3d 481, 486.)  Consequently, imposition of a probation condition is reviewed for abuse of discretion.  (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent, supra,* at p. 486.)  The *Lent* test "is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.  [Citations.]  As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality."  (*Olguin, supra*, at pp. 379-380.)

Here, the trial court imposed probation condition number 13, which stated:  "PC. 1546 searchable - Defendant shall submit his/her person, place, property, automobile, electronic storage devices, and any object under his/her control, including, but not limited to cell phones and computers, to search and seizure by any law enforcement officer or probation officer, any time of the day or night, with or without a warrant, with or without his/her presence or further consent.  Defendant being advised of his/her constitutional and statutory rights pursuant to Penal Code section 1546 et seq. in this regard, and having accepted probation, is deemed to have waived same and also specifically consented to searches of his/her electronic storage devices;  [¶]  Defendant shall provide access to any electronic storage devices and data contained therein, including disclosing and providing any and all information necessary to conduct a search."

We concur with the parties that probation condition number 13 fails to satisfy the requirements of *Lent* as explained in *In re Ricardo P.* (2019) 7 Cal.5th 1113.  This condition neither relates to a crime for which defendant was convicted, nor does it relate to conduct which is itself criminal.  (*Id*. at pp. 1115, 1118.)  Finally, there is no

2

information in the record from which we could conclude that the condition is reasonably related to future criminality. (*Id.* at pp. 1118-1123, 1128-1129.)

Like the minor in *Ricardo P*., here, the record is devoid of any information from which we could find a proportionality between the privacy intrusion imposed by probation condition number 13 and the goal of deterring defendant's future criminality, to wit, corporal injury on a spouse, firearm possession, and/or compliance with the condition that he obey all laws. The prosecutor in the trial court conceded as much following defendant's objection. While there may be circumstances where a defendant's personal history may justify an electronics search condition as a means of deterring future criminality (*In re Ricardo P., supra*, 7 Cal.5th at pp. 1128-1129), here, there is no evidence that defendant utilized an electronic device in a manner which would justify imposition of this condition. Accordingly, probation condition number 13 cannot withstand scrutiny under *Lent* and must be stricken. (*Id*. at p. 1129.)

## DISPOSITION

For the reasons explained herein, we modify the judgment to strike probation condition number 13. The judgment is otherwise affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.

3